UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERCY J. HAGGINS, | CASE NO. C17-1550 MJP |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| DONALD TRUMP, et al., | |
| Defendants. | |

Plaintiff Percy J. Haggins has submitted to the Court for filing a "Complaint for a Civil Case" form (Dkt. No. 3), a motion to proceed *in forma* pauperis (Dkt. No. 1) – which was granted (*see* Dkt. No. 2) -- and a motion to appoint counsel. (Dkt. No. 4.) Plaintiff alleges in his complaint that "[t]he current government economics crimminally [*sic*] and negligently allows machines to terminate people's pay and the people are (gov.) systematically tricked into being too slavish." (Dkt. No. 3 at 4.) Plaintiff does not allege any specific facts in his complaint which explain the basis of his claim(s), but does attach a lengthy "Statement of Claim" to the

complaint form – 28 pages comprised mostly of a voluminous (and incoherent) exegesis on the Constitution of the United States.

Plaintiff identifies the following defendants in his complaint: President Donald Trump, Nikki Haley, and Jeff Sessions. In the section of the complaint form entitled "Relief," Plaintiff states:

> Presently the U.S. government a form of oppression-economics and it seems a sneaky form of slavery. Require by law that government use (robo) free economics so that all (citizens) people can be richly freely robotically-served.

Id.

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Pursuant to 28 U.S.C. § 1915(e), the district court is required to dismiss a case "at any time" if it determines a complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Here, plaintiff's proposed complaint fails to allege any facts which state a claim for relief that is plausible on its face.

1     Accordingly, the Court hereby ORDERS as follows:

2     (1)    Plaintiff shall show cause not later than ***thirty (30) days*** from the date on which this Order is signed why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

    (2)    Plaintiff's motion for appointment of counsel (Dkt. No. 4) is STRICKEN.

The clerk is ordered to provide copies of this order to Plaintiff.

Dated: October 24, 2017.

Marsha J. Pechman
United States District Judge