

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERCY J HAGGINS,

                    Plaintiff,

      v.

DONALD TRUMP, et al.,

                  Defendants.

CASE NO. C17-1550 MJP

ORDER DISMISSING
COMPLAINT

Plaintiff Percy J. Haggins submitted to the Court for filing a "Complaint for a Civil Case" form (Dkt. No. 3), a motion to proceed *in forma* pauperis (Dkt. No. 1) – which was granted (*see* Dkt. No. 2) -- and a motion to appoint counsel. (Dkt. No. 4.) Plaintiff alleged in his complaint that "[t]he current government economics crimminally [*sic*] and negligently allows machines to terminate people's pay and the people are (gov.) systematically tricked into being too slavish." (Dkt. No. 3 at 4.) Plaintiff does not allege any specific facts in his complaint which explain the basis of his claim(s), but does attach a lengthy "Statement of Claim" to the complaint form – 28

pages comprised mostly of a voluminous (and incoherent) exegesis on the Constitution of the United States.

Plaintiff identified the following defendants in his complaint:  President Donald Trump, Nikki Haley, and Jeff Sessions.  In the section of the complaint form entitled "Relief," Plaintiff stated:

> Presently the U.S. government a form of oppression-economics and it seems a sneaky form of slavery.  Require by law that government use (robo) free economics so that all (citizens) people can be richly freely robotically-served.

Id.

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Pursuant to 28 U.S.C. § 1915(e), the district court is required to dismiss a case "at any time" if it determines a complaint is frivolous or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Here, plaintiff's proposed complaint fails to allege any facts which state a claim for relief that is plausible on its face.  After reviewing the complaint, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(e)(2)(B).  (Dkt. No. 5.)

Plaintiff filed a response to the Order to Show Cause on November 1, 2017. (Dkt. 6.) However, Plaintiff's response fails to lend any clarity to plaintiff's claims or to identify any facts demonstrating that Plaintiff has a viable, non-frivolous, claim for relief. It appears to be 200+ pages reprinted from his website, further recounting his views on "Robotic Real Freedom Economics." (Id. at 1.) It is incomprehensible and does nothing to demonstrate that Plaintiff has a viable cause of action.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff failed to identify a viable cause of action in this civil rights action, this Court orders that Plaintiff's complaint be DISMISSED pursuant to § 1915(e)(2)(B).

The clerk is ordered to provide copies of this order to Plaintiff.

Dated: November 27, 2017.

Marsha J. Pechman
United States District Judge